HANSIS, Welfare Director, Respondent, v. BROUGHAM, Appellant.

*May 5—June 7, 1960.*

The cause was submitted for the appellant on the brief of *Ernest T. C. Hanson* of Eau Claire, and for the respondent on the brief of *Edmund A. Nix,* district attorney of Eau Claire county, and *John D. Kaiser,* assistant district attorney.

BROWN, J.  The defendant does not argue here that the court has no jurisdiction of the person or subject of the action. We find no difficulty in making the dogmatic statement that the county court has jurisdiction in both respects.

Defendant's contention that the petition does not state facts sufficient to constitute a cause of action against him rests on his assertion that sec. 52.01 (4), Stats., under which the proceeding is brought, is unconstitutional. The statute is as follows:

"LIABILITY OF RELATIVES; ENFORCEMENT. (1) The parent, spouse, and child of any dependent person (as defined in sec. 49.01) who is unable to maintain himself shall maintain such dependent person, so far as able, in a manner approved by the authorities having charge of the dependent, or by the board in charge of the institution where such dependent person is; but no child of school age shall be compelled to labor contrary to the child-labor laws.

"(2) Upon failure of relatives so to do said authorities or board shall submit to the district attorney a report of its findings, and upon receipt thereof the district attorney shall, within sixty days, apply to the county court of the county in which such dependent person resides for an order to compel such maintenance. Upon such application said district attorney shall make a written report thereof to the county welfare department, with a copy to the chairman of the county board and to the department.

"(3) At least ten days prior to the hearing on said application notice thereof shall be served upon such relatives in the manner provided for the service of summons in courts of record.

"(4) The county court shall in a summary way hear the allegations and proofs of the parties and by order require

maintenance from such relatives, if of sufficient ability (having due regard for their own future maintenance and making reasonable allowance for the protection of the property and investments from which they derive their living and their care and protection in old age) in the following order: First the husband or wife; then the father; then the children and the county court may consider whether or not the parents have supported the children in the manner prescribed by law; and lastly the mother. Such order shall specify a sum which will be sufficient for the support of such dependent person, to be paid weekly or monthly, during a period fixed therein, or until the further order of the court. If satisfied that any such relative is unable wholly to maintain such dependent person, but is able to contribute to his support, the court may direct two or more such relatives to maintain him and prescribe the proportion each shall contribute and if satisfied that such relatives are unable together wholly to maintain such dependent person, but are able to contribute something therefor, the court shall direct a sum to be paid weekly or monthly by each such relative in proportion to his ability. Contributions directed by court order, if for less than full support, shall be paid to the county welfare agency and applied to the dependent person's grant. Upon application of any party affected thereby and upon like notice and procedure, the court may modify such order. Obedience to such order may be enforced by proceedings as for a contempt.

"(5) Any party aggrieved by such order may appeal therefrom but when the appeal is taken by the authorities having charge of the dependent person an undertaking need not be filed.

"(6) If any relative who has been ordered to maintain a dependent person neglects to do as ordered, the authorities or board may recover in an action on behalf of the municipality or institution for relief or support accorded the dependent person against such relative the sum prescribed for each week the order was disobeyed up to the time of judgment, with costs.

"(7) When the income of a responsible relative is such that he would be expected to make a contribution to the sup-

port of the recipient and such recipient lives in the relative's home and requires care, a reasonable amount may be deducted from the expected contribution in exchange for the care provided."

Defendant first challenges the statute as unconstitutional because sub. (4) of sec. 52.01, Stats., is "void for uncertainty as requires basis of unascertainable facts to order relative to maintain dependent. Court must guess and speculate as to '. . . care and protection in old age.' . . . Whether parents supported child in manner prescribed by law also indefinite and uncertain."

It is not the petition which imposes liability for maintenance upon the individual sought to be charged. That is imposed only by the order of the county court made after the hearing which sec. 52.01 (4), Stats., directs. At that hearing the parties have opportunity to prove present material facts with sufficient certainty to support a present order appropriate to such facts. Concededly, the future may contain uncertainties, as appellant suggests, but that does not vitiate the statute. Sub. (4) itself provides for modification of the order upon application of any party affected thereby. We see here a problem similar to that which the courts solve every day in the course of orders in divorce for alimony or support money and, as changed circumstances are brought to the court's attention, orders are modified to meet them. So here, the existence of material facts reasonably certain at the time of the order is all the factual certainty which is required. It is not necessary that those facts are not only presently certain but also will never change.

We find no merit in the contention that the statute is void for uncertainty.

The appellant also contends that the statute denies him the equal protection of the laws under the Fourteenth amendment, United States constitution, because under this

statute the court may require one relative to provide the whole support although relatives equally responsible and equally able to pay may not be required to bear a part of the burden.

Sec. 52.01 (4), Stats., lists the order in which the dependent's relatives may be charged: (1) The husband or wife, (2) the father, (3) the children, (4) the mother. It is apparent that the only classification is (3) where several persons may have equality in relationship to the dependent. We note that the children (plural) are classified as a unit. "The county court shall . . . by order require maintenance from such relatives . . . in the following order: First the husband . . . then *the children.*" The statute does not say "a child" or "any child." At the hearing the defendant or any person in like situation has the opportunity to show that other persons exist of equal or closer degree of kinship and equal or better ability to pay than he. The statute further on in sub. (4) permits the court to order two or more relatives to join in the support of the dependent relative. We do not anticipate that if facts were brought to the attention of the court that equally responsible and able relatives exist in addition to the defendant, and over whom the court may acquire jurisdiction, the court by its order would fail or refuse to apportion the support payments among such group of relatives. That possibility that the court might so fail does not render the statute unconstitutional. An order imposing the whole burden of support on a single relative, when the court is shown that there are others of equal ability to contribute and of equal kinship and equally amenable to the process of the court, would clearly be an abuse of discretion and would require reversal. Moreover, equity itself would act to prevent the imposition of a burden upon one person which ought to be borne in common. In *Duffy v. Yordi* (1906), 149 Cal. 140, 84 Pac. 838, 4 L. R. A. (N. S.) 1159, a mother who was supported by one daughter sued another

daughter for support. The court held that the mother had no right of action under the statute similar to ours. The statute did not give her double support but the court said that it might be that the supporting daughter might have an action against other children for contribution.

In *Mallatt v. Luihn* (1956), 206 Or. 678, 294 Pac. (2d) 871, where the public welfare commission under their statute could single out one child to bear the whole burden, the statute was not thereby unconstitutional for discrimination, as denying equal protection of the laws, because the daughter had a right of contribution from her brothers who were equally liable and equally able to pay, citing 41 Am. Jur., Poor and Poor Laws, p. 689, sec. 12:

"Under statutes providing for the support of poor relatives, if there are two or more equally liable, and of sufficient ability, and the one supports while the other refuses, the one supporting may recover contribution from the other refusing."

In *Manthey v. Schueler* (1914), 126 Minn. 87, 147 N. W. 824, the Minnesota statute is similar to ours. The right of contribution between relatives similarly situated was upheld by the court. Its opinion does not base the decision on a statutory right of contribution but only states that the right exists, saying at page 89:

"The burden was a common and equal one imposed by the statute and rightly assumed by either of the grandparents. Equality of burden results equitably in equality of payment and one properly paying more than his proportion may recover at law by way of contribution.

"Quarreling relatives cannot make use of the statute to put unjust burdens upon one another."

A similar decision upon a similar statute appears in *Wood v. Wheat* (1928), 226 Ky. 762, 766, 11 S. W. (2d) 916, in which the court said:

"The statute imposes upon the children coming within its purview the obligation to support parents that may be in the condition indicated by it, and this obligation may not be shifted to one of the children to the exclusion of those equally liable and equally able to perform it. It is a general rule of equity that a party who has discharged an obligation or duty resting upon several, and constituting a common burden or liability, may recover contribution from those to whose advantage the discharge of the obligation operated."

We conclude that the Wisconsin statute is proof against the attack made on it here.

Respondent's brief confused us by stating that the county court erred in holding that sec. 52.01 (4), Stats., was unconstitutional because its provisions were expressed in language too vague, indefinite, and uncertain. Our search of the record found no such determination, and if the trial court had so held we would be much surprised to find the respondent here attempting, as he does, to sustain that court's decision. Upon further investigation we discovered that respondent's brief is merely a reprint of the brief which was filed by the attorney general as appellant in the case of *In re Folsom* (1955), 270 Wis. 100, 70 N. W. (2d) 30, wherein the trial court held the statute unconstitutional, whereas in the present case the trial court held it constitutional. The assistant attorney general, Mr. Platz, who prepared that brief writes us that the present respondent was not authorized by the attorney general or by the author to file the brief in their names in the instant appeal and asks that their names be stricken from it. We comply with the request and we deny respondent costs in this court.

*By the Court.*—Order affirmed. The names of the attorney general and the assistant attorney general are struck from respondent's brief. Respondent shall not have costs in this court.