## DEPARTMENT OF MENTAL HYGIENE OF CALIFORNIA v. KIRCHNER, ADMINISTRATRIX.

No. 111.   Argued January 19, 1965.—Decided March 8, 1965.

*Elizabeth Palmer,* Deputy Attorney General of California, argued the cause for petitioner.   With her on the briefs were *Thomas C. Lynch,* Attorney General of California, *Harold B. Haas,* Assistant Attorney General, and *John Carl Porter* and *Asher Rubin,* Deputy Attorneys General.

*Alan A. Dougherty* argued the cause for respondent. With him on the brief was *John Walton Dinkelspiel.*

Briefs of *amici curiae,* urging reversal, were filed by *William G. Clark,* Attorney General of Illinois, *Richard E. Friedman,* First Assistant Attorney General, *Richard A. Michael,* Assistant Attorney General, and *Jerome F. Goldberg* and *John E. Coons,* Special Assistant Attorneys General, for the State of Illinois; by *William B. Saxbe,* Attorney General of Ohio, and *Joanne Wharton,* Assistant

Attorney General, for the State of Ohio; by *Robert Y. Thornton,* Attorney General of Oregon, and *A. Duane Pinkerton* and *Neil C. Hoyez,* Assistant Attorneys General, for the State of Oregon; and by *John J. O'Connell,* Attorney General of Washington, and *Stephen C. Way,* Assistant Attorney General, for the State of Washington.

Briefs of *amici curiae,* urging affirmance, were filed by *Robert W. Kenny* for the National Federation of the Blind and the California League of Senior Citizens, and by *A. Kenneth Pye, John R. Schmertz, Jr.,* and *Bernard D. Fischman* for the National Association for Retarded Children, Inc., and the American Orthopsychiatric Association.

Mr. Justice Harlan delivered the opinion of the Court.

Mrs. Auguste Schaeche was adjudged incompetent in 1953 and committed to a California state mental institution operated by petitioner. California Welfare and Institutions Code § 6650 provides in pertinent part:

> "The husband, wife, father, mother, or children of a mentally ill person or inebriate, and the administrators of their estates, and the estate of such mentally ill person or inebriate, shall be liable for his care, support, and maintenance in a state institution of which he is an inmate. The liability of such persons and estates shall be a joint and several liability . . . ."

Ellinor Vance, the daughter of Mrs. Schaeche, died in 1960 and respondent was appointed administratrix of her estate. Petitioner filed a claim for $7,554.22 with respondent, that being the cost of support furnished to the incompetent from 1956 to 1960, which was rejected by respondent. Petitioner then filed suit for that amount and obtained judgment on the pleadings. The District

Court of Appeal affirmed, 29 Cal. Rptr. 312, but the Supreme Court of California reversed, finding that § 6650 "violates the basic constitutional guaranty of equal protection of the law . . . ." 60 Cal. 2d 716, 717, 388 P. 2d 720. We granted certiorari to consider the important questions involved, 379 U. S. 811. After plenary briefing and argument, however, we are unable to say with requisite assurance that this Court has jurisdiction in the premises.

The California Supreme Court did not state whether its holding was based on the Equal Protection Clause of the Fourteenth Amendment to the Constitution of the United States or the equivalent provisions of the California Constitution,[1] or both. While we might speculate from the choice of words used in the opinion, and the authorities cited by the court, which provision was the basis for the judgment of the state court, we are unable to say with

---

[1] California Constitution, Art. I, §§ 11, 21, provides in pertinent part:

"Sec. 11. All laws of a general nature shall have a uniform operation.

.          .          .          .          .

"Sec. 21. No special privileges or immunities shall ever be granted which may not be altered, revoked, or repealed by the Legislature; nor shall any citizen, or class of citizens, be granted privileges or immunities which, upon the same terms, shall not be granted to all citizens."

These provisions have been interpreted by the California courts as being the equivalent of the Equal Protection Clause of the Fourteenth Amendment. See *Department of Mental Hygiene* v. *McGilvery,* 50 Cal. 2d 742, 754, 329 P. 2d 689, 695, quoted *infra,* p. 198; *Lelande* v. *Lowery,* 26 Cal. 2d 224, 157 P. 2d 639; *San Bernardino* v. *Way,* 18 Cal. 2d 647, 117 P. 2d 354; *People* v. *Sullivan,* 60 Cal. App. 2d 539, 141 P. 2d 230; *People* v. *England,* 140 Cal. App. 310, 35 P. 2d 565; 11 Cal. Jur. 2d § 272, and cases cited therein. See also *Los Angeles* v. *Southern Cal. Tel. Co.,* 32 Cal. 2d 378, 196 P. 2d 773, appeal dismissed, 336 U. S. 929.

any degree of certainty that the judgment of the California Supreme Court was not based on an adequate and independent nonfederal ground. This Court is always wary of assuming jurisdiction of a case from a state court unless it is plain that a federal question is necessarily presented, and the party seeking review here must show that we have jurisdiction of the case.[2] Were we to assume that the federal question was the basis for the decision below, it is clear that the California Supreme Court, either on remand or in another case presenting the same issues, could inform us that its opinion was in fact based, at least in part, on the California Constitution, thus leaving the result untouched by whatever conclusions this Court might have reached on the merits of the federal question. For reasons that follow we conclude that further clarifying proceedings in the California Supreme Court are called for under the principles stated in *Minnesota* v. *National Tea Co.,* 309 U. S. 551.

The first mention of any specific constitutional provision in this case appears to have been made in respondent's reply brief in the State District Court of Appeal, and it related solely to the State Constitution.[3] That court disposed of the constitutional claim in one paragraph,[4] citing *Department of Mental Hygiene* v. *McGilvery,* 50 Cal. 2d 742, 754–761, 329 P. 2d 689, 695–699. In *McGilvery* rehearing was granted by the California Supreme Court to consider the claim that "an absolute liability on a mother to pay for the care, support and maintenance of her mentally ill daughter in a state insti-

---

[2] See Note, Supreme Court Treatment of State Court Cases Exhibiting Ambiguous Grounds of Decision, 62 Col. L. Rev. 822 (1962).

[3] Appellant's Reply Brief, p. 2, presented the rhetorical question: "Is not the taking of money from a daughter, or her estate, for the support of a mother who has an estate of her own violative of the Constitution *of the State of California?"* (Emphasis added.)

[4] 29 Cal. Rptr. 312, 317.

tution, is a deprivation of property without equal protection of law and without just compensation in violation of the state and federal Constitutions." 50 Cal. 2d, at 747, 329 P. 2d, at 691. On the pages cited by the District Court of Appeal, the California Supreme Court in *McGilvery* had concluded:

> "Article I, section 11 of the California Constitution requires that all laws of a general nature have a uniform operation. This has been held generally to require a reasonable classification of persons upon whom the law is to operate. The classification must be one that is founded upon some natural or intrinsic or constitutional distinction. [Citations.] Likewise, those within the class, that is those persons similarly situated with respect to that law, must be subjected to equal burdens. [Citation.] The clause of the Fourteenth Amendment to the federal Constitution which prohibits a state from denying to 'any person within its jurisdiction the equal protection of the laws' has been similarly construed." [5]

An examination of the opinion of the California Supreme Court in the case before us does not indicate whether that court relied on the State Constitution alone, the Federal Constitution alone, or both; and we would have jurisdiction to review only if the federal ground had been the *sole* basis for the decision, or the State Constitution was interpreted under what the state court deemed the compulsion of the Federal Constitution.[6]

The court first discussed *Department of Mental Hygiene* v. *Hawley*, 59 Cal. 2d 247, 379 P. 2d 22, a case decided under the Fourteenth Amendment, and then stated,

---

[5] 50 Cal. 2d 742, 754, 329 P. 2d 689, 695.

[6] *State Tax Comm'n* v. *Van Cott*, 306 U. S. 511; *Fox Film Corp.* v. *Muller*, 296 U. S. 207.

"This holding is dispositive of the issue before us." 60 Cal. 2d, at 720, 388 P. 2d, at 722.

The court went on, however, to discuss other cases. After noting that in *Department of Mental Hygiene* v. *Shane*, 142 Cal. App. 2d 881, 299 P. 2d 747 (relied on in *McGilvery*), there was no "mention of either the United States or the California Constitutions," the court distinguished both *Shane* and *McGilvery* as cases in which the constitutional claims were not presented. 60 Cal. 2d, at 721, 388 P. 2d, at 723. It then discussed *Hoeper* v. *Tax Comm'n*, 284 U. S. 206, which dealt with reasonable classification, and compared a similar treatment in *Estate of Tetsubumi Yano*, 188 Cal. 645, 656–657 [14], 206 P. 995. In *Yano* the California Supreme Court found an alien land law in violation of the Equal Protection Clause of the Fourteenth Amendment, the Privileges and Immunities Clause, and of the California Constitution. The court's discussion of the Equal Protection Clause, however, was confined to pp. 654–656 of the opinion, and in headnote [14] on page 656 (cited by the court in the present case) the court dealt principally with the state constitutional ground.

After examining the statutory framework of the support statutes, the court in this case finally concluded with the following statement:

"A statute obviously violates the equal protection clause if it selects one particular class of persons for a species of taxation and no rational basis supports such classification. (See *Blumenthal* v. *Board of Medical Examiners* (1962) 57 Cal. 2d 228, 237 [13] [18 Cal. Rptr. 501, 368 P. 2d 101]; *Bilyeu* v. *State Employees' Retirement System* (1962) 58 Cal. 2d 618, 623 [2] [25 Cal. Rptr. 562, 375 P. 2d 442].) Such a concept for the state's taking of a free man's

property manifestly denies him equal protection of the law." 60 Cal. 2d, at 722–723, 388 P. 2d, at 724. *Blumenthal* v. *Board of Medical Examiners,* 57 Cal. 2d 228, 368 P. 2d 101, involved an attack on a licensing statute under both the Fourteenth Amendment and §§ 11 and 21 of Article I of the California Constitution. See 57 Cal. 2d, at 232, 368 P. 2d, at 103. The court did not specifically rely on one constitutional provision, but merely held the statute unconstitutional. *Bilyeu* v. *State Employees' Retirement System,* 58 Cal. 2d 618, 375 P. 2d 442, involved an attack on a classification of state employees subject to retirement benefits. At headnote [2] of the opinion, cited by the court in *Kirchner,* appears the following language:

"There is no constitutional requirement of uniform treatment, but only that there be a reasonable basis for each classification." [7]

The use of such language suggests that the court may have been adverting to the California constitutional provision that "[a]ll laws of a general nature shall have a uniform operation." Calif. Const., Art. I, § 11.

On the basis of the foregoing, it is clear that we cannot say with the requisite certainty that the California judgment rested *solely* on the Fourteenth Amendment, or, amounting to the same thing, that in striking the statute down under the State Constitution the court below acted under what it conceived to be the compulsion of the Federal Constitution (cf. *Jankovich* v. *Indiana Toll Road Comm'n,* 379 U. S. 487, 492); one or the other determination would be necessary to our exercising jurisdiction. While the ambiguity of the opinion might normally lead us to dismiss the writ of certiorari as improvidently granted, we think the preferable course is to leave the way

---

[7] 58 Cal. 2d, at 623, 375 P. 2d, at 445.

open for obtaining clarification from the California Supreme Court (*Minnesota* v. *National Tea Co., supra*), in view of the importance of and widespread interest in the case.[8] Unfortunately, because of California law, we cannot hold the case on our calendar until the parties submit a clarifying certificate from the California Supreme Court, see *Dixon* v. *Duffy,* 344 U. S. 143, 145, but we can obviate undue delay by vacating the judgment of the California Supreme Court, directing that our mandate issue forthwith, and giving leave to the parties to file a new petition for certiorari incorporating by reference the record and briefs now on file in this Court, supplemented by such additional papers as may be necessary or appropriate, if on further proceedings the California Supreme Court holds that its judgment does not rest on an adequate independent nonfederal ground.

The judgment of the Supreme Court of California is vacated and the cause remanded to that court for such further proceedings as may be appropriate under state law. The judgment and mandate of this Court shall issue forthwith.

*Vacated and remanded.*

MR. JUSTICE DOUGLAS, believing it clear that the Supreme Court of California did not rest solely on the Fourteenth Amendment of the Constitution of the United States, would dismiss the writ.

---

[8] Forty-two States, Puerto Rico, and the District of Columbia have similar statutes on their books, and eight States have filed *amicus* briefs in this Court, either supporting the petition for certiorari or the petitioner's position on the merits.