[S. F. No. 21349. In Bank. Apr. 2, 1965.]

DEPARTMENT OF MENTAL HYGIENE, Plaintiff and Respondent, v. EVELYN KIRCHNER, as Administratrix, etc., Defendant and Appellant.

Dinkelspiel & Dinkelspiel and Alan A. Dougherty for Defendant and Appellant.

Stanley Mosk, Attorney General, Harold B. Haas, Assistant Attorney General, Elizabeth Palmer, John Carl Porter and Asher Rubin, Deputy Attorneys General, for Plaintiff and Respondent.

Spencer M. Williams, County Counsel (Santa Clara), Joseph G. Schumb, Jr., Deputy County Counsel, Richard H. Hoffelt, Wilke, Fleury & Sapunor, William R. MacDougall and Jack M. Merelman as Amici Curiae on behalf of Plaintiff and Respondent.

THE COURT:

MEMORANDUM OPINION IN RE JURISDICTIONAL CLARIFICA-
TION OF GROUND OF RULING PURSUANT TO MANDATE BY
UNITED STATES SUPREME COURT ON PETITION FOR WRIT
OF CERTIORARI.

The Supreme Court of the United States on March 8, 1965, issued the following "judgment and mandate":

"The judgment of the Supreme Court of California is vacated and the cause remanded to that court for such further proceedings as may be appropriate under state law." (*Department of Mental Hygiene* v. *Kirchner* (Mar. 8, 1965, No. 111) 380 U.S. 194 [85 S.Ct. 871, 13 L.Ed.2d 753].)

Preceding and explanatory of the quoted order are the statements hereinafter excerpted:

"The California Supreme Court did not state whether its holding was based on the Equal Protection Clause of the Fourteenth Amendment to the Constitution of the United States or the equivalent provision of the California Constitution, or both. . . . [380 U.S. 196.]

"An examination of the opinion of the California Supreme Court . . . does not indicate whether that court relied on the State Constitution alone, the Federal Constitution alone, or both; and we would have jurisdiction to review only if the federal ground had been the *sole* basis for the decision, or the State Constitution was interpreted under what the state court deemed the compulsion of the Federal Constitution. . . . [380 U.S. 198.]

"[W]e cannot say with the requisite certainty that the California judgment rested *solely* on the Fourteenth Amendment, or, amounting to the same thing, that in striking the statute down under the State Constitution the court below acted under what it conceived to be the compulsion of the Federal Constitution [citation]; one or the other determination would be necessary to our exercising jurisdiction. . . . [B]ecause of California law, we cannot hold the case on our calendar until the parties submit a clarifying certificate from the California Supreme Court, see *Dixon* v. *Duffy*, 344 U.S. 143, 145 [73 S.Ct. 193, 97 L.Ed. 153], but we can obviate undue delay by vacating the judgment of the California Supreme Court, directing that our mandate issue forthwith, and giving leave to the parties to file a new petition for certiorari . . . if on further proceedings the California Supreme Court holds that its judgment does not rest on an adequate independent nonfederal ground." [380 U.S. 200-201.]

Pursuant to the mandate hereinabove quoted we have reexamined our opinion in the subject case (reported at 60 Cal. 2d 716 [36 Cal.Rptr. 488, 388 P.2d 720]) and certify as follows:

■ It has been and is our understanding that the Fourteenth Amendment to the federal Constitution, and sections 11 and 21 of article I of the California Constitution, provide generally equivalent but independent protections in their respective jurisdictions.

California Constitution, article I, section 11, requires that "All laws of a general nature shall have a uniform operation" and section 21 of the same article specifies that "No special privileges or immunities shall ever be granted which may not be altered, revoked or repealed by the Legislature; nor shall any citizen, or class of citizens, be granted privileges or immunities which, upon the same terms, shall not be granted to all citizens." These provisions of our state Constitution have been generally thought in California to be substantially the equivalent of the equal protection clause of the Fourteenth Amendment to the United States Constitution. While it is our view that we should reach the same conclusion under the Fourteenth Amendment we were (and we are) in any event independently constrained to the result we reached by sections 11 and 21, article I, of the California Constitution. We so conclude by our construction and application of California law, regardless of whether there is or is not compulsion to the same end by the federal Constitution. (See e.g., our subject decision at page 723 of 60 Cal.2d wherein we expressly disapprove "Anything found in . . . *McGilvery* . . . contrary to the views herein expressed" specifically including the refusal to give effect to article I, section 11, of the California Constitution as discussed at pages 754 [12] et seq. of *Department of Mental Hygiene* v. *McGilvery* (1958) 50 Cal.2d 742 [329 P.2d 689].)

Inasmuch as we did not act solely by compulsion of the Fourteenth Amendment, either directly or in construing or in applying state law, we reiterate our former decision as filed January 30, 1964, reported at 60 Cal.2d 716 [36 Cal.Rptr. 488, 388 P.2d 720].

Let the remittitur issue forthwith.

Schauer, J., retired Associate Justice of the Supreme Court sitting under assignment by the Chairman of the Judicial Council, participated in place of Mosk, J., who deemed himself disqualified.