**Clarence GROOVER, Appellant,**

v.

**ESSEX COUNTY WELFARE BOARD, Appellee.**

**No. 4736.**

District of Columbia Court of Appeals.

Argued Dec. 1, 1969.

Decided April 13, 1970.

Josiah Lyman, Washington, D. C., for appellant.

Ted D. Kuemmerling, Asst. Corporation Counsel, for appellee. Charles T. Duncan, Corporation Counsel, Hubert B. Pair, Principal Asst. Corporation Counsel, Richard W. Barton and Lewis D. Clarke, Asst. Corporation Counsel, were on the brief for appellee.

Before HOOD, Chief Judge, and KELLY and FICKLING, Associate Judges.

KELLY, Associate Judge:

This appeal is from an order pursuant to the Uniform Reciprocal Enforcement of Support Act[1] that appellant pay $30 every two weeks toward the maintenance and support of his mother living in New Jersey. Appellant's argument seems to be that the net effect of the court's order, singling him out of all of the children to pay support for his mother, and in an excessive amount, denies him equal protection of the law.

■ Appellant relies, by analogy, on Department of Mental Hygiene v. Kirchner,[2] wherein the court held unconstitutional a California statute providing *inter alia,* that a child is liable for the care, support and maintenance of a parent in a state mental institution. The law in this jurisdiction is the exact opposite. In Beach v. Government of District of Columbia[3] our Circuit Court of Appeals found a statute which imposed liability upon a father for the support of his daughter in a mental institution both reasonable and consistent with due process.[4] Here, the duty of support enforcible under the Reciprocal Support Act is that a "husband, wife, father, mother, or adult child of a recipient of public assistance * * * shall, according to his ability to pay, be responsible for the support of such person."[5] This statute is similar to and equally as reasonable as that upheld in *Beach.* We consider it equally valid.[6]

■ Appellant claims it is discriminatory to order only him to make the support payments when there are brothers and sisters in other jurisdictions who are able to but do not contribute. In our judgment, however, the statute imposes an obligation upon each individual "adult child" to at least contribute to the support of a parent receiving public assistance; each child is equally liable.[7] It may be that New Jersey will make claim against others of the children, since the sum of the trial court's award was less than the amount of proven need, but the fact that it sought to collect support only from appellant is no basis for relieving him of responsibility under the statute.

■ Finally, appellant complains that the award is excessive. The amount of support payments is based upon ability to pay.

1. D.C.Code 1967, § 30–301 *et seq.*

2. 60 Cal.2d 716, 36 Cal.Rptr. 488, 388 P.2d 720, 20 A.L.R.3d 353, vacated on other grounds and remanded 380 U.S. 194, 85 S.Ct. 871, 13 L.Ed.2d 753, on remand 62 Cal.2d 586, 43 Cal.Rptr. 329, 400 P.2d 321, 20 A.L.R.3d 361 (1964).

3. 116 U.S.App.D.C. 68, 320 F.2d 790, cert. denied, 375 U.S. 943, 84 S.Ct. 351, 11 L.Ed.2d 274 (1963).

4. Equal protection of the laws is implied by the fifth amendment as applied to the District of Columbia. Hamilton Nat. Bank v. District of Columbia, 85 U.S. App.D.C. 109, 176 F.2d 624, cert. denied, 338 U.S. 891, 70 S.Ct. 241, 94 L.Ed. 547 (1949).

5. D.C.Code 1967, § 3–218(a). The validity of this statute was not questioned in Stone v. Brewster, 130 U.S.App.D.C. 183, 399 F.2d 554 (1968).

6. *Cf.* State v. Griffiths, 152 Conn. 48, 203 A.2d 144 (1964).

7. *Cf.* Lister v. Sheridan, 33 Misc.2d 650, 226 N.Y.S.2d 232 (1962); Application of Hansis, 10 Wis.2d 629, 103 N.W.2d 679 (1960); Mallatt v. Luihn, 206 Or. 678, 294 P.2d 871 (1956).

After a full hearing the court, in its discretion, found that appellant was able to pay $30 every two weeks for the support of his mother. We find no abuse of the court's discretion here.[8]

Affirmed.

---

8. Appellant may request the court to reduce the amount of the payments at any time if circumstances change.