701 P.2d 367

**John J. CHAPMAN, et al., Plaintiffs-Appellants, and Cross-Appellees,**

v.

**Robert E. LUNA, Ph.D., et al., Defendants-Appellees, and Cross-Appellants,**

and

**Hamilton Test Systems, Inc., Intervenor-Appellee.**

No. 15553.

Supreme Court of New Mexico.

June 11, 1985.

Bruce E. Pasternack, Albuquerque, for plaintiffs-appellants, and cross-appellees.

Gary O'Dowd, City Atty. and Charles Brideau, Asst. City Atty., Albuquerque, for defendant-appellee City of Albuquerque.

Hunter Geer, Joe Diaz, Albuquerque, for defendant-appellee County of Bernalillo.

Sutin, Thayer & Browne, Philip Higdon, Santa Fe, for Hamilton Test Systems.

## OPINION

FEDERICI, Chief Justice.

Plaintiffs-Appellants (plaintiffs) filed suit in the Bernalillo County District Court seeking a declaratory judgment that the operation and enforcement of the joint Albuquerque/Bernalillo County Motor Vehicle Emission Inspection Program (Program) was unlawful. The district court dismissed the complaint and upheld the Program. Plaintiffs appealed the dismissal to this Court which, in *Chapman v. Luna*, 101 N.M. 59, 678 P.2d 687 (1984) (*Chapman v. Luna I*), affirmed in part and reversed in part. The mandate issued on March 28, 1984, remanding the cause to the district court. On April 4, 1984, plaintiffs filed in the district court a motion for attorney fees, pursuant to 42 U.S.C. Sections 1983 and 1988 (1982). Plaintiffs now appeal from the district court's denial of the motion. We affirm the district court.

In *Chapman v. Luna I*, plaintiffs were successful in having two aspects of the Program invalidated by this Court. The inspection fee was invalidated on state statutory grounds and the $75.00 repair provision was held to violate "equal protection standards." Plaintiffs now argue that the equal protection allegation was a 42 U.S.C. Section 1983 cause of action and that because they prevailed on this issue, they are entitled to Section 1988 attorney fees. Count six of plaintiffs' complaint contained the equal protection claim. It did not specifically refer to the New Mexico Constitution, the United States Constitution, Section 1983, or Section 1988.

Section 1988 provides in part: "[i]n any action or proceeding to enforce a provision of sections 1981, 1982, 1983 * * * the court, in its discretion, may allow the pre-

vailing party * * * a reasonable attorney's fee as part of the costs." Plaintiffs' entitlement to Section 1988 attorney fees depends upon whether their original suit was an action under Section 1983.

The statutory prerequisites for a Section 1983 cause of action are "that the defendants must have acted under color of law, regulation, custom or usage of the State of New Mexico, and that the plaintiff must have been deprived of federal constitutional rights, privileges and immunities." *Gomez v. Board of Education*, 85 N.M. 708, 711, 516 P.2d 679, 682 (1973); *Stringer v. Dilger*, 313 F.2d 536 (10th Cir.1963). Plaintiffs' contention that their original lawsuit was a Section 1983 cause of action fails due to their inability to show that deprivation of a federal constitutional right was raised and decided in their favor in *Chapman v. Luna I*.

■ In *Chapman v. Luna I*, this Court did not specifically refer to either the New Mexico Constitution or the United States Constitution in holding that the $75.00 repair provision violated "equal protection standards." We referred solely to New Mexico case law. Although the equal protection clauses of the United States Constitution and the New Mexico Constitution have been interpreted similarly, *Anaconda Co. v. Property Tax Department*, 94 N.M. 202, 608 P.2d 514 (Ct.App.1979), *cert. denied*, 94 N.M. 628, 614 P.2d 545 (1980), they nevertheless constitute independent rights and protections.

■ In an analogous case, the California Supreme Court invalidated a state statute as violating "the basic constitutional guaranty of equal protection of the law * * *." *Department of Mental Hygiene v. Kirchner*, 60 Cal.2d 716, 717, 36 Cal.Rptr. 488, 388 P.2d 720 (1964). The United States Supreme Court granted certiorari, but then vacated and remanded the case to the California Supreme Court to clarify "whether that court relied on the State Constitution alone, the Federal Constitution alone, or both." *Department of Mental Hygiene v. Kirchner*, 380 U.S. 194, 198, 85 S.Ct. 871,

874, 13 L.Ed.2d 753 (1965). On remand the California Supreme Court held that the statute had been invalidated on state constitutional grounds and not by compulsion of the Federal Constitution. *Department of Mental Hygiene v. Kirchner*, 62 Cal.2d 586, 43 Cal.Rptr. 329, 400 P.2d 321 (1965). The Supreme Court of California determined that the state and federal equal protection clauses "provide generally equivalent but independent protections in their respective jurisdictions." 62 Cal.2d at 588, 43 Cal.Rptr. at 330, 400 P.2d at 322.

Similarly, we determine that the $75.00 repair provision was invalidated in *Chapman v. Luna I* solely on New Mexico constitutional grounds. Appellants did not specifically plead a federal equal protection claim or a claim under 42 U.S.C. Section 1983, and this Court did not decide that issue under compulsion of the Federal Constitution.

*Chapman v. Luna I*, therefore, did not present or decide a federal question. Appellants did not prevail in proving a deprivation of a federal constitutional right, privilege, or immunity. Their cause of action was not a Section 1983 action. The case was brought under the New Mexico Declaratory Judgment Act, NMSA 1978, Sections 44–6–1 to –15, and was decided solely on state statutory and state constitutional grounds. Having failed to prevail in an action to enforce Section 1983, plaintiffs are not entitled to any attorney fees under Section 1988.

On cross-appeal, defendants contend that the district court erred in awarding plaintiffs their appellate costs. We find this question to be moot. The contested costs were paid by Hamilton Test Systems, Inc., who is not a party to this appeal. Furthermore, plaintiffs assert no claim against the City and County for the costs.

The judgment of the district court is affirmed. The cause is remanded for entry of judgment on mandate in conformity with this opinion.

IT IS SO ORDERED.

SOSA, Senior J., and STOWERS, J., concur.