[No. A029027. First Dist., Div. One. Apr. 8, 1987.]

COUNTY OF MARIN, Plaintiff and Appellant, v.
MELVIN PEZOK et al., Defendants and Respondents.

**Counsel**

John K. Van de Kamp, Attorney General, Steve White, Chief Assistant Attorney General, John H. Sugujama, Assistant Attorney General, Gloria F. DeHart, Ann K. Jensen and Mary A. Roth, Deputy Attorneys General, for Plaintiff and Appellant.

Max Cline and Michael A. Smith for Defendants and Respondents.

**Opinion**

**NEWSOM, J.**—The County of Marin (hereafter appellant or the County) filed an action seeking from respondents, parents of a minor child declared a ward of the juvenile court (Welf. & Inst. Code, § 602) and committed to a group home, current child support and reimbursement of aid to families of dependent children (AFDC) funds used to support the minor child. (Welf. & Inst. Code, § 11350.) Respondents stipulated to payment of $150 per month for current support of their child and reimbursement in the amount

of $600 to appellant for AFDC funds previously expended. Judgment was entered in accordance with the stipulation.

An order to show cause and declaration for contempt was subsequently issued asserting that respondents were in arrears in the amount of $2,035, and seeking an assignment of wages (Civ. Code., § 4701). After a hearing on the order to show cause, the trial court determined that appellant was constitutionally precluded from obtaining support or reimbursement from respondents pursuant to Welfare and Institutions Code section 11350.[1] The order to show cause was discharged and the complaint was dismissed. The County has appealed.

The facts are not in dispute, and are taken from a rather abbreviated record.[2]

Respondents' minor child was found to have committed felony violations of the Penal Code and was declared a ward of the juvenile court pursuant to section 602. He was not confined in a juvenile detention facility, however. Rather, he was placed in the McDowell's Youth Home, a foster care facility. AFDC funds were used to support the child.

Appellant sought to recover the costs of the child's care pursuant to section 11350,[3] which mandates compulsory reimbursement from "the family" of AFDC funds paid to a foster care facility. (*County of Ventura* v. *Stark* (1984) 158 Cal.App.3d 1112, 1117 [205 Cal.Rptr. 139]; *County of San Mateo* v. *Booth* (1982) 135 Cal.App.3d 388, 397 [185 Cal.Rptr. 349].) ▇ The sole issue presented in this appeal is whether collection from respondents of the AFDC funds used to support their minor child would constitute a violation of the equal protection clause under the principles announced by our state high court in *In re Jerald C.* (1984) 36 Cal.3d 1 [201 Cal.Rptr. 342, 678 P.2d 917] (hereafter *Jerald C.*).

In *Jerald C., supra,* the minor child was declared a ward of the juvenile

---

[1] All further statutory references are to the Welfare and Institutions Code unless otherwise indicated.

[2] Respondents have not filed a brief with this court. Under rule 17(b) of the California Rules of Court, we are free to accept as true the statement of facts in appellant's opening brief, but our recitation of facts is taken from the entire record, however.

[3] In pertinent part, section 11350 states: "In any case of separation . . . of a parent or parents from a child . . . which results in aid under this chapter [Chapter 2] being granted to such family, the noncustodial parent or parents shall be obligated to the county for an amount equal to: . . . (b) The amount of aid paid to the family during such period of separation . . . limited by such parent's reasonable ability to pay during that period in which aid was granted; . . . The district attorney shall take appropriate action pursuant to this section in the superior court of the county which provided aid under this chapter."

court pursuant to section 602, placed in custody at juvenile hall, and subsequently committed to the California Youth Authority. (36 Cal.3d at p. 4.) The County of Santa Clara sought reimbursement pursuant to section 903.[4] While acknowledging that "[s]tatutes requiring responsible relatives to reimburse governmental agencies for support have been sustained against claims of denial of equal protection" (*id.* at p. 5; citing *Swoap* v. *Superior Court* (1973) 10 Cal.3d 490 [111 Cal.Rptr. 136, 516 P.2d 840], and *In re Ricky H.* (1970) 2 Cal.3d 513 [86 Cal.Rptr. 76, 468 P.2d 204]), the court also observed: "However, relative responsibility statutes have been invalidated when the government charges were not for support which the relative refused or failed to provide but for the cost of maintaining public institutions for public benefit. . . . [¶] The cases have reasoned that when incarceration or commitment is for the protection of society, it is arbitrary to assess the relatives for the expense." (*Jerald C., supra,* 36 Cal.3d at p. 6.)

Relying on its earlier decision in *Dept. of Mental Hygiene* v. *Kirchner* (1964) 60 Cal.2d 716, 720 [36 Cal.Rptr. 488, 388 P.2d 720, 20 A.L.R.3d 353], the court concluded that the purposes of confinement and treatment or care in commitments pursuant to section 602 encompass " 'the protection of society from the confined person . . . . Hence the cost of maintaining the state institution, including provision of adequate care for its inmates, cannot be arbitrarily charged to one class in the society; such assessment violates the equal protection clause.' " (*Jerald C., supra,* 36 Cal.3d at p. 8; see also *Pennell* v. *City of San Jose* (1986) 42 Cal.3d 365, 372 [228 Cal.Rptr. 726, 721 P.2d 1111].) The court thus recognized the following dichotomy: "On the one hand the state, . . . may obtain reimbursement for support allowances paid to or for minors. On the other hand the common law duty to support minor children does not authorize the state to recover the costs of confinement imposed for the protection of society and the minor and his rehabilitation." (*Jerald C., supra,* 36 Cal.3d at p. 10; see also *County of Ventura* v. *Stark, supra,* 158 Cal.App.3d 1112, 1118.)

Appellant seeks to distinguish *Jerald C.* from the present case on two grounds: first, the statutory basis for reimbursement—in *Jerald C.*, section 903 was declared unconstitutional, while here the County seeks to recover AFDC benefits under authority of section 11350—and second, the fact that respondents' child was placed in a nonsecure group home rather than

---

[4]At that time, section 903 provided: "The father, mother, spouse, or other person liable for the support of a minor person, the estates of such persons, and the estate of such minor person, shall be liable for the cost of his care, support, and maintenance in any county institution in which he is placed, detained, or committed pursuant to the order of the juvenile court, or for the cost to the county in which the juvenile court making the order is located, of his care, support, and maintenance in any other place in which he is placed, detained, or committed pursuant to the order of the juvenile court. The liability of such persons (in this article called relatives) and estates shall be a joint and several liability."

confined in a juvenile detention facility. Appellant is essentially arguing that the placement of respondents' minor child in a foster home was not for the benefit of society as in *Jerald C.*

The focus of our inquiry must be upon whether the purposes of the minor's confinement include the protection of society. (*Jerald C., supra,* 36 Cal.3d 1, 7.) As we noted in *Terminal Plaza Corp.* v. *City and County of San Francisco* (1986) 177 Cal.App.3d 892, 910 [223 Cal.Rptr. 379]: "The basis for the equal protection violation is that society as a whole benefits from the incarceration; . . ." "It is a denial of equal protection when the government seeks to charge the cost of operation of a state function, conducted for the benefit of the public, to a particular class of persons. (*Norwood* v. *Baker* (1898) 172 U.S. 269, 279 et seq. [43 L.Ed. 443, 447 et seq., 19 S.Ct. 187]; *In re Jerald C.* (1984) 36 Cal.3d 1, 6 [201 Cal.Rptr. 342, 678 P.2d 917]; *Dept. of Mental Hygiene* v. *Kirchner* (1964) 60 Cal.2d 716, 723 [36 Cal.Rptr. 488, 388 P.2d 720, 20 A.L.R.3d 353] (remanded 380 U.S. 194 [13 L.Ed.2d 753, 85 S.Ct. 871]); sub. opn. 62 [Cal.2d] 586 [43 Cal.Rptr. 329, 400 P.2d 321, 20 A.L.R.3d 361].) 'To charge the cost of operation of state functions conducted for public benefit to one class of society is arbitrary and violates the basic constitutional guarantee of equal protection of law. [Citation.]" *In re Jerald C., supra,* 36 Cal.3d at p. 6.)" (*Cunningham* v. *Superior Court* (1986) 177 Cal.App.3d 336, 348 [222 Cal.Rptr. 854].)

One of the recognized primary functions of juvenile commitment under section 602 is to safeguard the public from criminal conduct by minors. (*Jerald C., supra,* 36 Cal.3d 1, 7.) As observed in *In re Javier A.* (1984) 159 Cal.App.3d 913, 958 [206 Cal.Rptr. 386], the current emphasis of section 602 juvenile delinquency proceedings "is on protecting the citizens of the State of California from the child." (*Id.* at p. 958.)

Thus, while respondents' minor child may not have been confined in a secure detention facility, among the obvious objectives served by his placement pursuant to section 602 was the protection of society from his possible further criminal acts. A second critical factor is the involuntary nature of the placement. As far as we can discern from the record, the placement was not due to respondents' failure or refusal to provide support for the minor, but instead resulted directly from the juvenile court proceedings. Respondents apparently neither caused the placement—at least in terms of refusing or failing to support their son—nor asked that it be imposed.

The fact that appellant seeks reimbursement of AFDC funds pursuant to section 11350 does not, in our view, provide a basis for distinguishing *Jerald C.* from the present case. As was very recently noted in *County of Merced* v. *Dominguez* (1986) 186 Cal.App.3d 1513, 1517 [231 Cal.Rptr. 455], it is

the purpose and derivation of the commitment rather than the source of the funds used to pay for it which is dispositive in an equal protection analysis. Here, as in *Dominguez,* the commitment resulted from commission of criminal acts and was imposed under section 602 for the benefit of the public. (*Ibid.*) And the fact that McDowell Youth Home is not a secure facility does not alter the essential purpose of the detention to protect the public. (*Id.* at pp. 1517-1518.) Accordingly, under the compulsion of *Jerald C.* we conclude that appellant is precluded from obtaining reimbursement from respondents for the AFDC funds used to care for their minor child. (*Ibid.*)

The judgment is affirmed.

Racanelli, P. J., and Elkington, J., concurred.

A petition for a rehearing was denied May 8, 1987, and appellant's petition for review by the Supreme Court was denied July 23, 1987.