O’NIELL, G. J.
 

 The defendant has appealed from a conviction and sentence for having had intoxicating liquor in his possession for beverage purposes.
 

 There are three bills of exception in the record. The facts of the case are stated in the bills. The sheriff and two of his deputies went to a store belonging to _a corporation and managed by the defendant, at 8:15 p. m., when the store was closed. The officers were on a mission having no relation to this case, and had no intention of making an arrest, or of finding cause for making an arrest. They had no warrant to search the store. At their request, the defendant opened the door, and, on entering, they found the defendant in an intoxicated condition and in the company of several other men. The drunken condition of the defendant caused the officers to believe that there was intoxicating liquor on the premises, and they proceeded to search, and found and seized a small quantity of whisky in a room adjoining the store, and under the same roof. This prosecution is for the defendant’s having had the whisky in his possession.
 

 The first bill of exception was reserved to the overruling of the defendant’s objection to the officers’ testifying that they found him drunk when they entered the store. The objection urged by the defendant’s attorney'was that the evidence was irrelevant and immaterial. Our opinion is that the evidence was relevant and material, as a circumstance tending to prove that the defendant, very recently and actually, had had intoxicating liquor in his possession for beverage purposes.
 

 The second bill of exceptions was taken to the overruling of the defendant’s objection to the offering of the whisky in evidence, and to the testimony of the officers who had found and seized the whisky. The objection was that the officers had entered and searched the premises without a search warrant, and the argument in support of the objection was that the offering of the whisky in evidence, and the proof of its having been found and seized by the officers without a warrant, was violative of the Fourth and Fifth Amendments of the Constitution of the United States, and of sections 7 and 11 of article 1 of the Constitution of Louisiana, and of section 5 of Act 89 of 1921. In State v. Eddins (No. 22676) 108 So. 468,
 
 [1]
 
 decided to-day we held that facts tending to prove that a misdemeanor had been committed, obtained in consequence of a search and seizure by officers of the law without a warrant, were admissible in evidence against a person accused of the misdemeanor, notwithstanding the search and seizure were unlawful. For the reasons given in that case, and on authority of the decisions cited, the ruling in this case is affirmed.
 

 The third bill
 
 of
 
 exceptions was taken to the overruling of a verbal motion made by the defendant’s counsel in open court, when all of the evidence in the case had been introduced, to have the defendant discharged for want of sufficient evidence to convict him. The motion was nothing more than an argument for acquittal. The bill of exceptions taken to the overruling of the motion does not present a question of law for decision.
 

 The conviction and sentence are affirmed.
 

 ST. PAUL and BRUNOT, JJ., concur in decree.
 

 ROGERS, J., dissents.
 

 [1]
 

 Ante, p. 240.