330 So.2d 900 (1976)
STATE of Louisiana
v.
William August MORA, Jr.
No. 54884.
Supreme Court of Louisiana.
March 29, 1976.
Rehearing Denied May 14, 1976.
*901 Guy J. D'Antonio, Reed, Reed & D'Antonio, New Orleans, for defendant-relator.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Knowles M. Tucker, Dist. Atty., Bernard E. Boudreaux, Jr., Walter J. Senette, Jr., Asst. Dist. Attys., for plaintiff-respondent.
DENNIS, Justice.
William August Mora, Jr. was charged by bill of information with possession of marijuana in violation of La.R.S. 40:966(C). He was found guilty as charged and subsequently sentenced to six months' imprisonment. We granted defendant's application for certiorari, 295 So.2d 808 (La.1974), and reversed the conviction and sentence, finding merit in defendant's contention that the trial judge committed error in denying his motion to suppress the marijuana. 307 So.2d 317 (La.1975). The Supreme Court of the United States granted the petition of the state for certiorari and thereupon vacated our judgment and remanded the case to this Court, issuing the following mandate:
ON CONSIDERATION WHEREOF, it was ordered and adjudged on October 6, 1975, by this Court that the judgment of the Supreme Court of Louisiana in this cause be vacated, and that this cause be remanded to the Supreme Court of the State of Louisiana to consider whether its judgment is based upon federal or state constitutional grounds, or both. See California v. Krivda, 409 U. S. 33 [93 S.Ct. 32, 34 L.Ed.2d 45] (1972).
NOW, THEREFORE, THE CAUSE IS REMANDED to you in order that such proceedings may be had in the said cause, in conformity with the judgment of this Court above stated, as accord with right and justice, and the Constitution and laws of the United States, the said writ notwithstanding.
Pursuant to the mandate set forth above, we have considered whether our opinion in this cause was based on federal or state constitutional grounds, or both, and certify as follows:
Our opinion reflects that we followed three steps in concluding that the trial court erred in failing to suppress the marijuana seized from the defendant. First, we determined that the instructor and the school principal who effected the search and seizure were functioning as governmental agents. This decision was reached solely by an analysis of Louisiana law. La.R.S. 17:416. Next we decided that the warrantless search of defendant's duffel bag was unreasonable and in violation of both federal and state constitutional prohibitions against unreasonable searches and seizures. Fourth Amendment of the United States Constitution; Article I, § 7 of the Louisiana Constitution of 1921. Consequently, we concluded that suppression of the seized marijuana was mandated under the exclusionary rule of Mapp v. Ohio, 367 U.S. 643, 81 S.Ct. 1684, 6 L.Ed. 2d 1081 (1961).
Thus, we acted on both federal and state constitutional grounds, as well as state *902 statutory law, in reaching our decision in this case.
DIXON, J., concurs, but would note that the exclusionary rule, at the time of the search, was embodied in C.Cr.P. 703, and is now contained in Art. 1, § 5, La.Const. 1974.
SANDERS, C. J., dissents with written reasons.
MARCUS, J., dissents and assigns reasons.
SUMMERS, J., dissents for the reasons assigned.
SANDERS, Chief Justice (dissenting).
On January 20, 1975, a divided Court reversed defendant's conviction of possession of marijuana, holding that public school principals and instructors are bound by the search warrant requirements of the Fourth Amendment to the United States Constitution. La., 307 So.2d 317 (1975). The majority stated:
" . . . Because of the function of these school officials and their strict accountability to the State, we must conclude that these school officials, insofar as they are discharging their duties by enforcing State policies and regulations, are within the purview of the Fourth Amendment's prohibition; therefore, their students must be accorded their constitutional right to be free from warrantless searches and seizures."
The United States Supreme Court vacated the judgment and remanded the case to this, Court for us to consider whether the judgment is based upon federal or state grounds or both.
The majority has concluded that "we acted on both federal and state constitutional grounds, as well as state statutory law." In so announcing, the majority has placed an unwarranted barrier in the path of appellate review by the United States Supreme Court.
The constitutional question is whether school teachers must secure warrants to search for weapons, narcotics, and other prohibited items in gym lockers, desks, or in a student's possession in school buildings.
I had the definite opinion when the decision was handed down that the majority held that such a search did not fall within the "specifically established and well-delineated exceptions" to the warrant requirement of the Fourth Amendment. My opinion in this regard is fortified by the citation of Coolidge v. New Hampshire, 403 U.S. 443, 91 S.Ct. 2022, 29 L.Ed.2d 564 (1971) as authority for the holding.
The only Louisiana case cited at any point in the decision is State v. Tant, La., 287 So.2d 458 (1973). That decision, however, dealt solely with the Fourth Amendment to the United States Constitution.
The analysis of our state school statute, LSA-R.S. 17:416, was directed to the general status of teachers. The statute, itself, does not deal with search and seizure. Hence, the statutory analysis is collateral and cannot serve as an adequate state ground for resolution of the overriding constitutional issue.
Hence, I conclude that the Court acted under what was conceived to be the compulsion of the Fourth Amendment to the United States Constitution as interpreted by the Supreme Court of the United States. See Department of Mental Hygiene of California v. Kirchner, 380 U.S. 194, 85 S.Ct. 871, 13 L.Ed.2d 753 (1965). This conclusion, of course, makes the decision reviewable by the United States Supreme Court.
If there is any doubt about the interpretation of the decision, however, it should be resolved in favor of reviewability. Here, the majority has fastened upon the school officials of our state an onerous search warrant requirement at a time when violence and lawlessness in some of our schools are acute.
The great weight of authority is contrary to the decision. See State v. Baccino, Del.Super., 282 A.2d 869 (1971); In Re Donaldson, 269 Cal.App.2d 509, 75 Cal. Rptr. 220 (1969); Mercer v. State, 450 S.W. *903 2d 715 (Tex.Civ.App., 1970); People v. Overton, 20 N.Y.2d 360, 283 N.Y.S.2d 22, 229 N.E.2d 596 (1967); State v. Stein, 203 Kan. 638, 456 P.2d 1, cert. denied 397 U.S. 947, 90 S.Ct. 966, 25 L.Ed.2d 120 (1969); People v. Jackson, 65 Misc.2d 909, 319 N.Y.S.2d 731 (1971); In Re State in the Interest of G. C., 121 N.J.Super. 108, 296 A.2d 102 (1972); In Re C., 26 Cal.App.3d 320, 102 Cal.Rptr. 682 (1972).
The Louisiana Teachers' Association, in my opinion, correctly maintains:
" . . . [I]t is indeed unfortunate that Louisiana, by this Honorable Court's decision, has not only aligned itself with a minority of states in this area, but has established far more stringent requirements for school officials in discharging their obligations to protect the interest of all of the students than any other State."
For the reasons assigned, I respectfully dissent.
MARCUS, Justice (dissenting).
Although the previous opinion of this court[1] contains a reference to art. 1, § 7 of the 1921 Constitution of the State of Louisiana,[2] the language of which is similar to the fourth amendment to the United States Constitution, I am unable to conclude, after analyzing the opinion in its entirety, that the judgment rested on an adequate, independent, nonfederal ground. In holding that the search of defendant's wallet by the school official was unlawful, this court relied, in my view, on the decisions of the United States Supreme Court interpreting the fourth amendment to the United States Constitution. These decisions declare that a search conducted without a warrant is per se unconstitutional unless it falls within one of the "specifically established and well-delineated exceptions" to the warrant requirement of the fourth amendment. Coolidge v. New Hampshire, 403 U.S. 443, 91 S.Ct. 2022, 29 L.Ed.2d 564, (1971) (cited and quoted in our previous opinion). This court found that the warrantless search in this case did not come within one of these exceptions, and stated:
We hold that a search on school grounds of a student's personal effects by a school official who suspects the presence or possession of some unlawful substance is not a `specifically established and well-delineated' exception to the warrant requirement and that the fruits of such a search may not be used by the State prosecutorial agency as the basis for criminal proceedings.
Therefore, in my opinion, this court acted either solely on federal, constitutional grounds; or, in construing our state constitution, acted under what this court conceived to be the compulsion of the fourth amendment to the United States Constitution, as interpreted by its ultimate arbiter, the Supreme Court of the United States. Department of Mental Hygiene of California v. Kirchner, 380 U.S. 194, 85 S.Ct. 871, 13 L.Ed.2d 753 (1965). Accordingly, I respectfully dissent.
SUMMERS, Justice (dissenting).
In my view this Court's opinion (307 So.2d 317) is based upon the all-pervading influence of decisions of the United States Supreme Court interpreting the Fourth Amendment of the United States Constitution, as made obligatory on the States by the Fourteenth Amendment. These citations relied upon in the majority opinion made this fact evident: Schneckloth v. Bustamonte, 412 U.S. 218, 93 S.Ct. 2041, 36 L.Ed.2d 854 (1973); Coolidge v. New Hampshire, 403 U.S. 443, 91 S.Ct. 2022, 29 L.Ed.2d 564 (1971); Katz v. United States, 389 U.S. 347, 88 S.Ct. 507, 19 L. Ed.2d 576 (1967); Mapp v. Ohio, 367 U.S. 643, 81 S.Ct. 1684, 6 L.Ed.2d 108 (1961); Burdeau v. McDowell, 256 U.S. 465, 41 S. Ct. 574, 65 L.Ed. 1048 (1921).
*904 The sole Louisiana case referred to in the majority opinion, State v. Tant, 287 So.2d 458 (La.1974), is one based almost entirely upon the authority of decisions of the United States Supreme Court. This can hardly be considered sufficient to classify this decision as one based upon a state constitutional ground.
Until Mapp v. Ohio, Louisiana's Constitution had never been interpreted to require the exclusion of evidence obtained as a result of a violation of the search and seizure standards of Article I, Section 7, of that constitution.[1]State v. Martinez, 220 La. 899, 57 So.2d 888 (1952), cert. denied, 344 U.S. 843, 73 S.Ct. 58, 97 L.Ed. 656 (1952); State v. Long, 161 La. 250, 108 So. 471 (1926), error dismissed, 273 U.S. 653, 47 S.Ct. 334, 71 L.Ed. 823 (1927); State v. Eddins, 161 La. 240, 108 So. 468 (1926); State v. Fleckinger, 152 La. 337, 93 So. 115 (1922). So far as I can ascertain, all of our decisions invoking the exclusionary rule have been based upon the compulsion of Mapp v. Ohio.
The determination that the school instructor and school principal were functioning as state agents was a necessary element of any decision applying standards established by decisions of the United States Supreme Court which require that state officials or agents be involved before the Fourth Amendment's proscriptions can be made obligatory upon the states by the Fourteenth Amendment. The opinion resolution of this fact, therefore, does not, standing alone, demonstrate that the decision is grounded to any extent upon the state constitution. To the contrary, this approach to the problem more properly indicates the majority's effort to establish state participation in order that the federal constitutional standards could be made applicable.
On the facts of this case no decision was intellectually feasible in total disregard of the principles of the Fourth, Fifth and Fourteenth Amendments and the decision in Mapp v. Ohio, 367 U.S. 643, 81 S.Ct. 1684, 6 L.Ed.2d 1081 (1961). This Court could not find that the Fourth Amendment was not violated but that Article I, Section 7, of the Louisiana Constitution was violated and then invoke an exclusionary rule without overruling the long line of Louisiana decisions holding that the evidence obtained as a result of a violation of Article I, Section 7, was nevertheless admissible. By invoking the exclusionary rule of Mapp v. Ohio the majority necessarily grounded its decision upon a violation of the Fourth Amendment, for there was no state constitutional or decisional authority which standing alone would support the exclusion of the evidence.
Aside from State v. Baccino, 282 A.2d 869 (Del.Super.1971), the defense brief relied entirely upon decisions of the United States Supreme Court interpreting the Fourth, Fifth and Fourteenth Amendments, implying that the same interpretation should be placed upon like state constitutional provisions because of their similarity. See Tinker v. Des Moines Independent Community School District, 393 U.S. 503, 89 S.Ct. 733, 21 L.Ed.2d 731 (1969); Bumper v. North Carolina, 391 U.S. 543, 88 S.Ct. 1788, 20 L.Ed.2d 797 (1968); West Virginia State Board of Education v. Barnette, 319 U.S. 624, 63 S.Ct. 1178, 87 L.Ed. 1628 (1943). It is pertinent to observe also that State v. Baccino, supra, was decided by the Superior Court of Delaware upon the authority of the Fourth Amendment as interpreted by the United States Supreme Court and other courts applying those interpretations.
While purporting to decide this case upon standards established by the United States Supreme Court, the majority has misunderstood and misapplied those standards. The decision fails to recognize the *905 all-important doctrine that school environment presents "special characteristics" which must determine the light in which constitutional principles are applied. Tinker v. Des Moines Independent Community School District, supra.
By declaring now that the decision is based in part upon state grounds, the majority seeks to shield this decision from the review to which it should rightfully be subjected by the Highest Court. Founded, as the decision purports to be, upon pronouncements of the United States Supreme Court interpreting federal constitutional principles obligatory on the states, its impact will be far-reaching, not only upon the schools of Louisiana, but upon all the schools of America, if review is denied by our Nation's Highest Court.
It should be noted, moreover, that the author of the original opinion in this matter no longer sits on the Court, and the author of this remand opinion did not participate in the application for writs, the hearing, the rendition of the opinion, the application for rehearing or the decision denying a rehearing in this case. When the views of the author of this remand opinion are not considered, this Court is evenly divided on the case.
I am of the opinion that the original majority opinion was based upon federal constitutional grounds.
I respectfully dissent.
NOTES
[1] The author of this dissent also dissented from the previous judgment of this court. 307 So.2d 317 (La.1975).
[2] The 1921 constitution was in effect at the time of the trial of this case.
[1] La.Const. art. I, § 7 (1921) provides:

"The right of the people to be secure in their persons, houses, papers and effects against unreasonable searches and seizures, shall not be violated, and no such search or seizure shall be made except upon warrant therefor issued upon probable cause, supported by oath or affirmation, and particularly describing the place to be searched and the persons or things to be seized."