360 So.2d 907 (1978)
STATE of Louisiana in the Interest of Donald FEAZELL.
No. 6510.
Court of Appeal of Louisiana, Third Circuit.
June 28, 1978.
*908 Whitehead & McCoy by Charles R. Whitehead, Jr., Natchitoches, for appellant.
Eric Harrington, Asst. Dist. Atty., Natchitoches, for appellee.
Before CULPEPPER, FORET and CUTRER, JJ.
FORET, Judge.
This case is consolidated with that of State of Louisiana In The Interest of Peter Clark, 360 So.2d 909 (La.App. 3 Cir. 1978), (our docket number 6509), in which a separate decision is being rendered this date.
The appellants, Clark and Feazell, were adjudicated delinquents on June 16, 1977, for possession of marijuana in violation of R.S. 40:966, The Louisiana Uniform Controlled Dangerous Substance Law.
The assistant principal at Campti High School, Samuel Jackson, requested Feazell, a student, to leave his class and follow him to the office. Mr. Jackson was acting upon information that Feazell had marijuana in his possession.
In the privacy of his office, Jackson asked Feazell if he had marijuana in his possession. The student stated that he did not. Jackson reiterated the question and again Feazell gave a negative response. Jackson then told Feazell that he was going to search him. Feazell asked Jackson if he had a warrant authorizing such a search, as that was the only way he could do so. Jackson then told Feazell that if he did not consent to the search, he would call the sheriff's department, and deputies would come to the school and search him. Throughout this conversation, Jackson was seated at his desk and Feazell stood in front of it, according to Jackson's testimony at the hearing on the motion to suppress. (Due to a malfunction of the court reporting recorder, no evidence was recorded at the trial on the merits.)
Feazell then said to Jackson that he had marijuana in his possession but that it was not his. Jackson told Feazell to give it to him, and Feazell placed the bag of marijuana on the desk. The two then went to the principal's office and the sheriff's department was called.
Jackson testified at the hearing on the motion to suppress that at no time did he touch Feazell or threaten him in any way. Feazell does not contradict this.
The appellant Clark was arrested after Feazell gave authorities information implicating Clark in the offense.
The appellants claim that when Feazell was taken to the assistant principal's office and questioned about possession of marijuana, he was in police custody and under arrest. Furthermore, contend the appellants, there was no reasonable or probable cause for Jackson to take Feazell into custody. The appellants thus conclude that the arrest of Feazell was illegal and the seizure *909 without being advised of his rights, was also illegal.
We can find no jurisprudence, and none is cited by the appellants which holds that the brief detention of a student in the office of the principal or the assistant principal constitutes an arrest.
While the standards of the Constitutional prohibition against unreasonable search and seizures applies to school authorities, State v. Mora, 330 So.2d 900 (La.1976), we are of the opinion that brief detentions of students in the office of the principal do not constitute an "arrest" even when made for the purpose of questioning the student about possible possession of drugs.
We are of the opinion that under the facts no "search" was conducted. Even if one concludes a search was made, it must be conceded that Feazell consented to it without undue coercion and while knowing of his right to require a search warrant. There is no evidence to indicate that the admission and relinquishment of possession of the marijuana was involuntary or coerced. No warrant is needed when the individual consents to the search. Schneckloth v. Bustamonte, 412 U.S. 218, 93 S.Ct. 2041, 36 L.Ed.2d 854 (1973).
We conclude that there is no error in the trial court's overruling of the defendant's motion to suppress or in the admission into evidence of the marijuana at the trial on the merits.
AFFIRMED.