[No. G003426. Fourth Dist., Div. Three. Dec. 11, 1986.]

In re NATHANIEL Z., a Person Coming Under the Juvenile Court Law.
COUNTY OF ORANGE, Plaintiff and Respondent, v.
ROY Z. et al., Defendants and Appellants.

**COUNSEL**

Roy Z., in pro. per., and for Defendants and Appellants.

Adrian Kuyper, County Counsel, and Brian Petraborg, Deputy County Counsel, for Plaintiff and Respondent.

**OPINION**

**SONENSHINE, J.**—Roy and Mitsue Z.'s minor son Nathaniel became a ward of the court pursuant to Welfare and Institutions Code section 602[1] and was placed on probation. Nathaniel was again taken into custody after violating the terms of his probation. At the detention hearing, he was released pursuant to a home supervision plan (HSP). After the HSP was terminated, probation again commenced. Nathaniel admitted the probation violation. His 40-day commitment was stayed. Probation ended and the wardship terminated.

The County of Orange successfully petitioned the court to order the parents to reimburse it for the costs of the HSP and the probation supervision.

I

Appellants raise one issue: "Court-ordered supervision of a minor, whether only accused of acting, or having been found to have acted, in a

---

[1] All statutory references are to the Welfare and Institutions Code unless otherwise specified.

manner violative of a Penal statute is an exercise of the State's police powers for the protection of society, and the rehabilitation of the probationer; not the rendition of support or maintenance. The cost may not be shifted to relatives."

In December 1982, our Supreme Court decided *In re Jerald C.* (Cal.). The court invalidated former section 903.[2] The court held it was a denial of equal protection to impose the cost of incarceration, including care, support and maintenance, on the parents of a child declared a ward of the court pursuant to section 602. Rehearing was granted, but before a new decision was rendered, the Legislature rewrote section 903.[3] While still allowing reimbursement for support of the minor, the section specifically excludes any charges related to "incarceration, treatment, or supervision for the protection of society and the minor and the rehabilitation of the minor." (§ 903.)

After the rehearing, a new decision was rendered in *In re Jerald C.* (1984) 36 Cal.3d 1 [201 Cal.Rptr. 342, 678 P.2d 917], but the court acknowledged "[t]he new legislation is not applicable to this case." (*Id.,* at p. 5, fn. 3.) The lead opinion maintained a parent could not be charged, with stated exceptions, for costs associated with a section 602 confinement. "'A statute obviously violates the equal protection clause if it selects one particular class of persons for a species of taxation and no rational basis supports such classification. . . . [Citations.]'" (*Id.,* at p. 6.)

---

[2] The section then provided: "The father, mother, spouse, or other person liable for the support of a minor person, the estates of such persons, and the estate of such minor person, shall be liable for the cost of his care, support, and maintenance in any county institution in which he is placed, detained, or committed pursuant to the order of the juvenile court, or for the cost to the county in which the juvenile court making the order is located, of his care, support, and maintenance in any other place in which he is placed, detained, or committed pursuant to the order of the juvenile court. The liability of such persons (in this article called relatives) and estates shall be a joint and several liability."

[3] The Legislature rewrote the section to provide: "A parent of a minor, the estate of a parent, and the estate of the minor, shall be liable for the reasonable costs of support of the minor while the minor is placed, or detained in, or committed to, any institution or other place pursuant to order of the juvenile court. The liability of these persons and estates shall be a joint and several liability. [¶] It shall be the responsibility of a county to demonstrate to any person against whom it seeks to enforce the liability established by this section, that the charges it seeks to impose are limited to the reasonable costs of support of the minor and that these charges exclude any costs of incarceration, treatment, or supervision for the protection of society and the minor and the rehabilitation of the minor. The county shall separately itemize the cost of each major component, such as food, clothing and medical expense, contained within the costs of support of the minor, for any person against whom the county seeks to impose liability under this section. [¶] As used in this section, 'costs of support' means that portion of the costs incurred by the county in maintaining a minor that are equivalent to the reasonable expenditures required of a parent pursuant to Sections 196, 207, and 208 of the Civil Code, and does not include the expenses of incarceration, treatment, or supervision imposed for the protection of society and the minor and his or her rehabilitation."

The court recognized reimbursement for costs of counsel in juvenile proceedings and medical treatment is permissible. These are costs for which the parents would otherwise be responsible. "However, relative responsibility statutes have been invalidated when the government charges were not for support which the relative refused or failed to provide but for the cost of maintaining public institutions for public benefit." (*Ibid.*)

"The basis of commitment under section 602 is criminal conduct." (*Id.,* at p. 7) "Whatever the basis for other commitments by the juvenile court (see §§ 300, 601), the purposes of the confinement and treatment in commitments pursuant to section 602 include 'the protection of society from the confined person.' (*Dept. of Mental Hygiene* v. *Kirchner, supra,* 60 Cal.2d [716] at p. 720 [36 Cal.Rptr. 488, 388 P.2d 720, 20 A.L.R.3d 353].)" (*Ibid.*) "The state's purpose and the benefits provided are for society generally." (*Id.,* at p. 11.) "[T]he county may not recover its costs . . . ." (*Id.,* at p. 10.)[4]

In other words, the court recognized a section 602 commitment is for the benefit of society. As a result all costs, with few exceptions, associated with those commitments must be borne by society.[5]

## II

Under the mandates of section 903 and *In re Jerald C., supra,* 36 Cal.3d 1, can the county be reimbursed for the costs of an HSP and probation supervision? We think not. The court in *In re Jerald C.* understood section 602 commitments were for the protection of society. It recognized "protection" is provided when the minor is incarcerated in a governmental

---

[4]The lead opinion signed by three justices rejected the concept of allocating "in a reasonable manner a portion of the costs to each juvenile . . . ." (*Id.,* 36 Cal.3d at p. 10.) In other words, it held "the county may . . . recover [neither] the costs of confinement and treatment, . . . [nor the] costs incurred in supporting and maintaining the juvenile based on the parental common law duty . . . ." (*Ibid.*)

The concurring opinion, signed by four justices, characterized the lead opinion as being painted "with too broad a brush" (*id.,* at p. 11) and did not close the door to the possibility of prorating the charges between permissible and impermissible costs. However, this split is irrelevant for our purposes. The costs in question here are ones not contemplated as reimbursable by either opinion.

[5]In *County of Merced* v. *Dominguez* (1986) 186 Cal.App.3d 1513 [231 Cal.Rptr. 455], the court held the county cannot be reimbursed by the father of a minor for AFDC-FC (aid to families with dependent children—foster care) payments made to a licensed treatment center for the youth's care, support and maintenance. "For the reasons stated in *In re Jerald C., supra,* 36 Cal.3d 1, to permit the County to obtain reimbursement from a parent for the costs associated with the treatment or supervision of a minor for the protection of society and the minor and for the rehabilitation of the minor would tread upon the parents' equal protection rights." (*Id.,* at p. 1519.)

facility. But it also noted "protection" includes rehabilitation and treatment when these services are rendered pursuant to a section 602 commitment.

Section 903 limits reimbursement to reasonable costs of support while the minor is placed, detained or committed to any institution or *other place* pursuant to order of the juvenile court. Nathaniel was committed pursuant to section 602, by an order of the juvenile court, to be detained in his home and in the custody of his parents. By the terms of the last paragraph of section 903 the court may not collect for the expenses of treatment or *supervision* imposed for the protection of society and the minor and his or her rehabilitation.

## III

The county, nevertheless, argues *In re Jerald C., supra,* 36 Cal.3d 1, and section 903 are inapplicable. Rather, it urges it is seeking its costs pursuant to section 903.2.[6] The county correctly points out this section, unlike section 903, was not amended pursuant to the first *Jerald C.* decision. Therefore, it argues the Legislature intended the costs of probation to be reimbursable. But we cannot assume the Legislature intended to leave in place an unconstitutional statute. Rather, we must assume in amending section 903 and in leaving section 903.2 intact, the Legislature presumed the two statutes could be read together in a constitutionally permissible manner.

Section 903 allows for reimbursement for the costs of the care, support and maintenance of a minor in any county institution or any other place in which the child is detained or committed pursuant to an order of the juvenile court. The county may also collect for the costs of legal services rendered to the minor. (§ 903.1.) These services for which reimbursement is sought are rendered for the benefit of the minor rather than for the benefit of society. And the parents, from whom reimbursement is being sought, have a preexisting statutory or common law duty to otherwise provide them. "[T]he duty imposed by the statutes bears a rational relationship to the accomplishment of the state purpose of relieving the public treasury . . . ." (*In re Jerald C., supra,* 36 Cal.3d 1, 5.)

Section 903.2 permits reimbursement for costs of probation supervision for a minor. However, we conclude the costs of probation supervision are

---

[6]Section 903.2 provides: "The juvenile court may require that the father, mother, spouse, or other person liable for the support of a minor person, the estates of such persons, and the estate of such minor person, shall be liable for the cost to the county of the probation supervision of the minor person pursuant to the order of the juvenile court, by the probation officer. The liability of such persons (in this article called relatives) and estates shall be a joint and several liability."

reimbursable only if the "charges exclude any costs of . . . treatment, or supervision for the protection of society and the minor and the rehabilitation of the minor." (§ 903.)

This interpretation is consistent with other statutory changes made or considered at the time section 903 was amended. Another bill considered by the Legislature would have amended section 903.2 to allow parents "to pay all or a portion of the cost of short-term physical confinement orders as a condition of probation, including the cost of incarceration, supervision, and treatment." (Assem. Bill No. 842, (1983-1984 Reg. Sess.) (Assem. Bill No. 738).) Nonetheless, the section remained unamended. The Legislature realized these were not compensable costs.

In other words, the Legislature intended reimbursement for probation supervision pursuant to section 903.2 only for expenses otherwise allowed pursuant to section 903.

The Legislature in 1984 also enacted section 727[7] allowing the court to make orders affecting the minor, including medical treatment and placement

---

[7]Section 727 reads: "(a) When a minor is adjudged a ward of the court on the ground that he or she is a person described by Section 601 or Section 602 the court may make any and all reasonable orders for the care, supervision, custody, conduct, maintenance, and support of such a minor, including medical treatment, subject to further order of the court. [¶] The court shall order the care, custody, and control of the minor to be under the supervision of the probation officer who may place the minor in any of the following: [¶] (1) The home of a relative. [¶] (2) A suitable licensed community care facility. [¶] (3) With a home-finding agency to be placed in a suitable licensed home or exclusive use home which has been certified by the agency as meeting licensing standards. [¶] (b) Where the court has ordered a specific minor placed under the supervision of the probation officer and the probation officer has found that the needs of the child cannot be met in any available licensed or exempt facility, including emergency shelter, the minor may be placed in a suitable family home that has filed a license application with the State Department of Social Services, provided that all the following certification conditions are met: [¶] (1) A preplacement home visit is made by the probation officer to determine the suitability of the family home. [¶] (2) The probation officer verifies to the licensing agency in writing that the home lacks any deficiencies which would threaten the physical health, mental health, safety, or welfare of the minor. [¶] (3) The probation officer notifies the licensing agency of the proposed placement and determines that the foster family home applicant has filed specific license application documents prior to and after the placement of the minor. If the license is subsequently denied, the minor shall be removed from the home immediately. The denial of the license constitutes a withdrawal of the certification. [¶] When a minor has been adjudged a ward of the court cn the ground that he or she is a person described in Section 601 or 602 and the court finds that notice has been given in accordance with Section 661, and when the court orders that a parent or guardian shall retain custody of such minor subject to the supervision of the probation officer, the parent or guardian may be required to participate with such minor in a counseling or education program including, but not limited to, parent education and parenting programs operated by community colleges, school districts or other appropriate agencies designated by the court. [¶] (c) The juvenile court may direct any and all reasonable orders to the parents and guardians of the minor who is the subject of any proceedings under this chapter as the court deems necessary and proper to carry out the

in a suitable family home. Section 727, subdivision (c) allows the court to order the parents to appear before a county financial evaluation officer for purposes of determining ability to reimburse the county.[8] The parents can be charged for medical treatment, for costs of the minimum actual support while placed with a suitable family, and for the parent's counseling or education. The parents are not, however, to be charged with the cost of probation supervision. The Legislature therefore, in enacting section 727, was aware of which costs were reimbursable and which were not.

We also note the charges for HSP reimbursement do not fall within section 903.2. The HSP is statutorily governed by sections 628, 628.1, 636 and 840. When read as a whole, the following statutory scheme emerges.

A minor, who has been taken into temporary custody, shall be immediately released to the custody of his or her parent, guardian or responsible relative unless one or more of several conditions exists. (§ 628.)

If the minor meets the criteria for detention, the minor may still be exempt from 24-hour secure detention. The minor may be released to his or her parents on home supervision, subject to certain statutory conditions. (§ 628.1.)[9]

If a minor has violated an order of the juvenile court, the court may order the minor *detained* in juvenile hall or another suitable place, including his or her own home, again subject to certain statutory conditions. (§ 636.)

Section 840 mandates "[t]here shall be in each county probation department a program of home supervision to which minors described by section 628.1 shall be referred." The section also defines home supervision as "a program in which persons who would otherwise be detained in the juvenile hall are permitted to remain in their homes pending court disposition of their cases . . . ."

"The duties of a deputy probation officer, or a probation aide, a community worker or a volunteer under the supervision of a deputy probation officer,

---

provisions of subdivisions (a) and (b), including orders to appear before a county financial evaluation officer. [¶] When counseling or other treatment services are ordered for the minor, the parent, guardian, or foster parent shall be ordered to participate in those services, unless participation by the parent, guardian, or foster parent is deemed by the court to be inappropriate or potentially detrimental to the child."

[8]Also note section 654, which allows the probation department to place the minor in certain programs in lieu of requesting the filing of a section 602 petition. In that situation, "[t]he minor and his or her parents may be required to make full or partial reimbursement for the services rendered . . . ." (§ 654, subd. (a).)

[9]This statute limits any home supervision plan to 15 days. However, the appellants, both below and on appeal, waive any complaint the plan was in fact in place longer than 15 days.

assigned to home supervision are to assure the minor's appearance at probation officer interviews and court hearings and to assure that the minor obeys the conditions of his [or her] release and commits no public offenses pending final disposition of his [or her] case." (§ 841.)

Thus, the Legislature has created, pursuant to the HSP, an alternative detention for a minor awaiting final disposition of a section 602 commitment. The statutes authorizing HSP do not provide for reimbursement. Section 628.1 defines certain conditions to be enforced as part of an HSP. Those conditions, however, are limited. "As a condition for such release, the probation officer shall require the minor to sign a written promise that he [or she] understands and will observe the specific conditions of home supervision release. Such conditions may include curfew and school attendance requirements related to the protection of the minor or the person or property of another, or to the minor's appearances at court hearings." (§ 628.1.)

Thus the governing sections do not provide for reimbursement, and in any event, reimbursement is not permissible under either *Jerald C., supra,* 36 Cal.3d 1, or section 903. Section 602 proceedings have commenced and the minor is detained because the conduct involved is sufficiently serious to be perceived, if continued, as offensive to society as a whole. The HSP is for the protection of society.[10]

## IV

The county raises several additional arguments. We are not impressed. It contends no one has a right to probation; if one wishes to avail oneself of its benefits, one must pay for it. The county suggests "minors found eligible for probation represent a potential threat to society." If this potentially dangerous minor (and his or her family) wants the benefit of probation, they must be willing to pay for it.

We first note the irony of the county's argument. Indeed, it is because the minor is a potential threat to society that society must pay for the costs

---

[10]The county argues the program will only work if the parents are committed. They must be willing to take it seriously and make the necessary financial sacrifices. The county also predicts the demise of the HSP without parental funding.

We acknowledge the serious financial ramifications of our decision. However, that cannot be a basis for the statute's constitutionality.

And the fact the parents executed an agreement obligating themselves to reimbursement is equally unconvincing. As the trial court noted "there would not have been a release without the signature." The appellants had no duty to accept those terms in order for their child to benefit from the HSP. As discussed, *ante,* conditions may be imposed but financial responsibility is not one of them.

of supervision. The parents may be obligated to pay for only those state functions not conducted for the public benefit. (*In re Jerald C., supra,* 36 Cal.3d 1, 6.)

The county also alleges *Jerald C.* is inapt because it involved commitment to juvenile hall, boy's ranch and the California Youth Authority. Nathaniel Z., conversely, was allowed to stay at home. We fail to appreciate the distinction. Both *Jerald C.* and section 903 speak in terms of a section 602 commitment. The fact the minor is *committed* is operative, not where. Our Supreme Court and our Legislature recognized parents could not constitutionally be charged for certain expenses which properly were society's responsibility. It does not matter whether those costs are incurred while the minor is at home or in juvenile hall. In fact, section 903 specifically addresses this issue by forbidding reimbursement when detained "in any . . . place."

Moreover, the county fails to appreciate the difference between adult and juvenile probation. Unlike adult probation, juvenile probation is not a grant of leniency imposed as an alternative to the legally authorized sentence. An adult may reject the sentencing court's offer of leniency and refuse probation; juveniles may not. (1 Cal. Juvenile Court Practice (Cont.Ed.Bar 1981) § 9.52, p. 255.)

"[P]arents may not be charged for costs when adult children are incarcerated in prison or committed to state hospitals for the dangerous." (*In re Jerald C., supra,* 36 Cal.3d 1, 6.) Likewise there is no basis for charging parents of juvenile offenders. "To charge the cost of operation of state functions conducted for public benefit to one class of society is arbitrary and violates the basic constitutional guarantee of equal protection of the law." (*Ibid.*)[11]

The judgment is reversed. Appellants to recover costs on appeal.

Crosby, Acting P. J., and Wallin, J., concurred.

Respondent's petition for review by the Supreme Court was denied February 26, 1987.

---

[11]We also question the constitutionality of imposing probation expenses on parents of minors detained in the home, yet denying reimbursement to the county for comparable services provided to an incarcerated minor. In the latter situation, the minor must still be supervised, albeit the "watchdog" is a Youth Authority or juvenile hall employee rather than a probation officer.