Filed 8/9/21

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| In re M.W., a Person Coming Under the Juvenile Court Law. | |
| THE PEOPLE,<br>        Plaintiff and Respondent,<br>v.<br><br>M.W.,<br>        Defendant and Appellant. | A160776<br><br>(Contra Costa County<br>Juvenile Ct. No. J19-00870) |

M.W., a ward of the juvenile court, appeals the court's denial of his motion to require the probation department to pay for a domestic violence treatment program that he must complete as a condition of probation. He contends that under the Welfare and Institutions Code, neither he nor his mother is liable for the costs of his treatment program. We agree and therefore reverse.

## BACKGROUND

When he was 17 years old, M.W. assaulted his girlfriend. The People filed a Welfare and Institutions Code section 602 petition[1] alleging multiple felony counts against M.W. and seeking to have him declared a ward of the juvenile court. M.W. subsequently admitted a single count of willful infliction of corporal injury (Pen. Code, § 273.5,

---

[1] All undesignated statutory references are to the Welfare and Institutions Code.

1

subd. (a)).  The juvenile court adjudged M.W. a ward of the court under section 602 and ordered him to reside in his mother's home under the probation department's supervision.

As one of the conditions of probation, the court ordered M.W. to complete a 52-week "Batterer's Intervention Program."  The probation officer had recommended the Batterer's Intervention Program as a probation condition because M.W. had a "pattern of engaging in violent behavior, as well as inappropriateness with females."  The probation officer concluded that M.W. "must address his tendency to . . . respond[] to his emotions in a dangerous way, and reduce the risk of escalation and future violence through treatment," including by completing the Batterer's Intervention Program.

M.W. filed a motion requesting that the court order the probation department to pay for the program.  At the hearing on his motion, M.W.'s counsel explained that M.W. had already enrolled in the program at a cost of $153 per month, or approximately $1,800 for the 52-week program.  The probation department representative stated that "[w]e simply defer to the Court regarding whether or not the minor should be required to pay for the course or whether Probation would be directed to do so."

The court denied M.W.'s request, styling its order as an "Order Denying Motion to Relieve Minor of Financial Responsibility for Counseling."  The order "rejects [M.W.]'s argument that as a matter of law . . . he and his parents cannot be required to pay any part of his domestic violence treatment.  If there is an issue with ability to pay, however, he may ask the Court for a hearing to address that issue."

2

## DISCUSSION

### A.

Contrary to the People's suggestion, the issue is ripe for appellate review. The juvenile court ordered M.W. to enroll in the program as a probation condition; M.W. did so, and the court refused to order the probation department to pay the cost. As a practical matter, M.W. or his family must pay for the program because the only alternative is to violate a probation condition. Moreover, it makes no difference that the juvenile court is willing to hold a hearing on M.W.'s ability to pay. As we explain next, because there is no statutory authority for imposing the cost of M.W.'s treatment on him or his family, he has no duty to request such a hearing.

### B.

The operative question is whether the juvenile court had authority to require M.W. or his family to pay for a treatment program to address his violent behavior, imposed as a probation condition. We review this legal question de novo (*People v. Tran* (2015) 61 Cal.4th 1160, 1166) and find no such authority.

First, both the juvenile court and the People have assumed, incorrectly, that authority to impose these costs on M.W. and his family exists somewhere, and M.W. must identify a statute that relieves them of liability. That puts the cart ahead of the horse. A court may not impose liability on a minor's parents unless authorized by statute. (See, e.g., §§ 903 [authorizing parental liability for costs of support for detained minor], 903.1 [authorizing parental liability for legal services to minor], 903.2 [authorizing parental liability for costs of home supervision].) Likewise, a minor may be liable for costs only in very

3

limited instances. (See, e.g., § 730, subd. (d) ["If ordered by the court to complete a sex offender treatment program, the minor shall pay all or a portion of the reasonable costs of the sex offender treatment program after a determination is made of the ability of the minor to pay."].)

Moreover, Senate Bill No. 190 (2017-2018 Reg. Sess.) (Stats. 2017, ch. 678) amended the Welfare and Institutions code to make most liability provisions inapplicable where, as here, the minor at issue has been deemed a ward of the juvenile court. (See, e.g., §§ 903, subd. (e)(1), 903.1, subd. (a)(1)(B)(i), 903.2, subd. (c)(1); Sen. Rules Com., Off. of Sen. Floor Analyses, Unfinished Business Analysis of Sen. Bill No. 190 (2017-2018 Reg. Sess.) as amended Sept. 5, 2017, pp. 4-5; Legis. Counsel's Dig., Sen. Bill No. 190 (2017-2018 Reg. Sess.), Stats. 2017, ch. 678, p. 2, ¶ 4.) The Legislature largely eliminated statutory authority for charging wards and their families due to concerns about imposing costs on families that are already struggling. (See *People v. Neal* (2018) 29 Cal.App.5th 820, 827-828 & fn. 7 (*Neal*); *In re D.B.* (2018) 24 Cal.App.5th 252, 261-263; Sen. Rules Com., Office of Sen. Floor Analyses, 3d reading analysis of Sen. Bill No. 190 (2017-2018 Reg. Sess.) as amended Aug. 28, 2017, p. 4.) The People cite no authority to support an order imposing the costs of the Batterer's Intervention Program on M.W. or his family, and we have found none. (See *In re David C.* (2020) 47 Cal.App.5th 657, 670-671 [holding that juvenile court order making ward and his parents financially liable for psychological assessments as a condition of probation was unauthorized by statute].)

Second, even prior to the 2017 legislation, it appears that these costs could not be imposed on M.W.'s family. Under section 903,

4

parents generally cannot be liable for the minor's support costs, but the statute excludes "any costs of treatment or supervision for the protection of society and the minor and the rehabilitation of the minor." (§ 903, subd. (b).) The Legislature made this exception in response to Supreme Court decisions holding that it would violate equal protection principles to impose such costs on a ward's family. (*In re Jerald C.* (1984) 36 Cal.3d 1, 5, fn. 3, 6-10 (lead opn. of Broussard, J.); *id.* at pp. 11-12 & fn. 1 (opn. of Kaus, J.); see also *County of San Mateo v. Dell J.* (1988) 46 Cal.3d 1236, 1252, 1254.) Accordingly, a family cannot be charged costs relating to the rehabilitation and treatment of a section 602 ward. (*In re Nathaniel Z.* (1986) 187 Cal.App.3d 1132, 1135-1137.)

## DISPOSITION

The order denying M.W.'s motion to relieve him and his family of financial responsibility for his domestic violence treatment program is reversed. The juvenile court shall enter a new order clarifying that M.W. and his family are not liable for the program's costs, and any costs that they pay or have paid for the program shall be reimbursed by the appropriate agency.

5

_____

BURNS, J.

We concur:

_____

SIMONS, ACTING P.J.

_____

NEEDHAM, J.

A160776

Contra Costa County Superior Court, Case No. J1900870

Trial Judge:  The Honorable Leslie G. Landau

Tonja R. Torres, under appointment by the First District Appellate Project, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Jeffrey M. Laurence, Senior Assistant Attorney General, Seth K. Schalit and Renè A. Chacòn, Supervising Deputy Attorneys General, for Plaintiff and Respondent.